# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| JESSE BAKER,<br><br>               Plaintiff,<br><br>     v.<br><br>L. BOYD COOK, an individual, KINETIC HOLDINGS, an expired Utah limited liability company, and KINETIC WEALTH, a Utah corporation,<br><br>               Defendants. | ORDER<br>AND<br>MEMORANDUM DECISION<br><br><br>Case No. 2:10-cv-00290-TC<br>Judge Tena Campbell |

Before the court is Defendant L. Boyd Cook's motion to set aside judgment (Dkt. No. 21). The court held a hearing on Mr. Cook's motion on May 17, 2011. Counsel for Mr. Baker appeared but Mr. Cook, acting *pro se*, did not.[1] The court took the matter under advisement. Having fully reviewed the briefs and heard argument from counsel for Mr. Baker, the court grants Mr. Cook's motion and sets aside summary judgment on Mr. Baker's securities fraud claims.

## BACKGROUND

**Procedural Background**

Mr. Baker brought claims for federal securities fraud, state securities fraud, sale of unregistered security, and breach of contract against Mr. Cook, Kinetic Holdings, LLC, and Kinetic Wealth, Inc.[2] alleging that Defendants defrauded him of $200,000. On August 6, 2010,

---

[1] Mr. Cook is advised that, as a *pro se* litigant, he is required to attend all hearings properly noticed by the Federal Court.

[2] Kinetic Holdings and Kinetic Wealth are also Defendants in this case. But Mr. Cook, acting *pro se*, cannot represent these companies.

Mr. Cook, acting *pro se*, moved to dismiss. Mr. Baker filed a motion to strike the motion to dismiss and the answer to the complaint and also filed a motion for summary judgment.[3] Mr. Cook did not respond to Mr. Baker's motion for summary judgment, mistakenly assuming that the court would first decide the motion to dismiss and that he need not respond until the court had so decided.

The court issued an order on December 7, 2010, (Dkt. No. 18) denying Mr. Cook's motion to dismiss, finding as moot Mr. Baker's motion to strike, and granting Mr. Baker's motion for summary judgment. The court had thoroughly reviewed the material submitted by both parties. After the court's order, the Clerk of Court entered judgment in favor of Mr. Baker. Mr. Cook then filed this motion to set aside judgment. In a January 19 order, the court allowed Mr. Cook to file a response to Mr. Baker's motion for summary judgment and allowed Mr. Baker to reply, after which the court would decide whether or not to set aside the judgment. Mr. Cook filed his response, again acting *pro se*. Accordingly, he represents only himself and not the Kinetic Defendants and does not challenge the grant of summary judgment on the breach of contract claim.

**Factual Background**

Mr. Baker purchased a promissory note from Defendants in the amount of $200,000. Mr. Baker did this based on a representation from Mr. Cook that he would receive a return of 60% per annum, with $10,000 payable per month for ten years, after which the entire principle would be returned. Mr. Cook held himself out as having years of business and investment experience.

---

[3] Mr. Baker argued that he was entitled to summary judgment against Mr. Cook for claims under § 17(a) of the Securities Act, § 10(b) of the Securities Exchange Act, Rule 10b-5, and Utah Code Section 61-1-1. He also argued that he was entitled to summary judgment against the Kinetic Defendants on his claim for breach of contract.

But at no time were he or the other Defendants licensed or bonded as a broker-dealer, agent, investment advisor or investment advisor representative.

After making three $10,000 payments and a $1,250 payment, Defendants ceased paying Mr. Baker and have not returned his principle. Mr. Baker brought suit against Defendants alleging federal securities fraud, state securities fraud, sale of unregistered security, and breach of contract.

**ANALYSIS**

The court grants summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court "view[s] the evidence and make[s] all reasonable inferences in the light most favorable to the nonmoving party." N. Natural Gas Co. v. Nash Oil & Gas, Inc., 526 F.3d 626, 629 (10th Cir. 2008).

During the May 17, 2011, hearing, counsel for Mr. Baker represented that Mr. Baker was alleging securities fraud claims under § 17(a)(2) of the Securities Act and the analogous section of the Utah Code, Section 61-1-1(2). And counsel for Mr. Baker agreed that summary judgment under § 17(a)(1) of the Securities Act, § 10(b) of the Securities Exchange Act, and Rule 10b-5 is inappropriate at this stage in the proceedings.[4] Accordingly, to the extent that the court's December 7, 2010, order granted summary judgment for Mr. Baker on these three claims,

---

[4] Scienter is an element of a each of these three claims. See Aaron v. SEC, 446 U.S. 680, 695-97 (1980) (§ 17(a)(1) requires scienter); Geman v. SEC, 334 F.3d 1183, 1192 (10th Cir. 2003) (the elements for a § 10(b) violation are similar to those for violations of § 17(a)(1)). Because Mr. Cook swore in his declaration that he did not believe the investment rate to be impossible and that he was aware of other investments that realized similar returns but were not part of unlawful activity, there is a genuine dispute of fact concerning Mr. Cook's state of mind. See SEC v. Novus Techs., No. 2:07-cv-235, 2010 WL 4180550, at *9 (D. Utah Oct. 20, 2010).

summary judgment is set aside. And the court need only consider Mr. Baker's claims under § 17(a)(2) of the Securities Act and Section 61-1-1(2) of the Utah Code.

**Liability Under § 17(a)(2) and Section 61-1-1(2)**

Section 17(a)(2) of the Securities Act makes it unlawful for

> any person in the offer or sale of any securities[5] . . . by the use of any means or instruments of . . . communication in interstate commerce or by the use of the mails . . . (2) to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

15 U.S.C. § 77q(a). Section 61-1-1(2) of the Utah Code is almost identical to the federal rule.[6] Because the elements of the state claim are identical to those of the federal claim, the court considers the claims together.

Misrepresentations and Omissions

In order to be liable under § 17(a)(2) or Section 61-1-1(2), Mr. Cook must have made a misrepresentation of, or omitted to state, a material fact. To satisfy this requirement, Mr. Baker points to three alleged misrepresentations or omissions: (1) that Mr. Cook falsely represented that Mr. Baker would receive a return on his investment of 60% per year for ten years; (2) that Mr. Cook omitted to disclose that he, Kenetic Holdings, and Kenetic Wealth were required to be licensed and bonded but were not; and (3) that Mr. Cook deliberately omitted to disclose any information about the ultimate investment.

---

[5] Because Mr. Cook does not contend that the promissory note is not a "security," this threshold issue is satisfied.

[6] Under this Section, it is unlawful for "any person, in connection with the offer, sale, or purchase of any security, directly or indirectly to . . . make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading." Utah Code Ann. § 61-1-1(2).

In support of the first alleged misrepresentation Mr. Baker cites to his declaration, in which he states that Mr. Cook offered him the opportunity to invest with Kenetic Holdings and Kenetic Wealth and told him that he would receive $10,000 per month for ten years, after which he would receive the $200,000 back. This is consistent with the language in the Private Placement Memorandum (PPM), and Mr. Baker has not alleged that Mr. Cook made any representations about the 60% return outside of what is contained in the PPM. The PPM also contains several warnings that the investment is "speculative"and involves a "high degree of risk" (PPM [Dkt. No. 14-1] at 16), that "there is no assurance that any minimum or maximum amount of this offering will be received" (id. at 21), and that "there can be no assurance that Investors will receive distributions from this Company in an amount equal to their investment in the Company. In fact, loss of principal is possible" (id. at 25). The language contained in the PPM raises a genuine dispute of fact as to whether Mr. Cook, looking at the totality of his dealings with Mr. Baker, misrepresented the terms of the investment.

Mr. Baker next contends that Mr. Cook was required to be licensed and bonded. In support of this allegation, Mr. Baker cites only to conclusory statements in his declaration that Mr. Cook was so required. But Mr. Cook contends (in a similarly conclusory fashion) that he was not required to be licensed and bonded. Neither party provided any statutory or case law on the issue, and neither party analyzed the facts of this case to determine if Mr. Cook was in fact required to be licensed and bonded. Because there is a genuine dispute as to whether Mr. Cook was required to be licensed and bonded, this alleged misrepresentation or omission cannot be the basis for summary judgment.

Finally, Mr. Baker relies on Mr. Cook's omission of any information about the ultimate

investment. But Mr. Cook can only be liable for an omission if it was of a material fact that would be necessary in order to make statements made, in light of the circumstances, not misleading. See 15 U.S.C. § 77q(a); Utah Code Ann. § 61-1-1(2); see also Matrixx Initiatives, Inc. v. Siracusano, 131 S. Ct. 1309, 1322 (2011) (analyzing claim under § 10(b)) ("Disclosure is required . . . only when necessary to make . . . statements made, in the light of the circumstances under which they are made, not misleading." (internal quotations and citations omitted)). In the PPM, Mr. Cook made clear that "prospective investors will be required to make their investment decisions without any financial information regarding the Company, any Outside, Successive, or Ultimate Funds." (PPM at 24.) And Mr. Baker has not shown that information about these funds was necessary to make statements made not misleading.

Because there is a genuine dispute of fact about whether Mr. Cook made a misrepresentation or omission, Mr. Baker is not entitled to summary judgment on his § 17(a)(2) and Section 61-1-1(2) claims. And the court need not address the remaining elements of those claims.

## CONCLUSION

For the foregoing reasons, the court GRANTS Mr. Cook's motion to set aside judgment (Dkt. No. 21) and SETS ASIDE the portion of the court's December 7, 2010, order (Dkt. No. 18) granting summary judgment for Mr. Baker on his securities fraud claims. The court directs the Clerk of Court to reopen the case.

DATED this 23rd day of May, 2011.

                          BY THE COURT:

                          _____
                          TENA CAMPBELL
                          United States District Judge